■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADALBERTO RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered April 22, 1987, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed. Under the circumstances, he has no basis now to complain that his sentence was excessive (see, People v Kazepis, 101 AD2d 816). In any event, the sentence imposed was neither unduly harsh nor excessive and was a proper exercise of the court's discretion.

Although the defendant concedes on appeal that mandatory sentences are constitutional (see, People v Broadie, 37 NY2d 100, cert denied 423 US 950), he contends that Penal Law § 70.00 which mandates an indeterminate minimum sentence of three years for class A-II felonies, is unconstitutional as

applied to him. Although the defendant had no prior criminal history, the record reveals that he was a willing participant in the sale of over two ounces of cocaine. We find that the instant case is not the rare case contemplated in *People v Broadie (supra)*. Mangano, J. P., Kunzeman, Rubin, Kooper and Harwood, JJ., concur.